IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,788





ANTHONY BARTEE, Appellant



v.



THE STATE OF TEXAS





ON DIRECT APPEAL FROM CAUSE NO. 1997-CR-1659


IN THE 175TH JUDICIAL DISTRICT COURT


BEXAR COUNTY






 Per Curiam. Hervey, J., not participating.


O P I N I O N



 In May 1998, a jury found appellant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set appellant's punishment at death. This
Court affirmed appellant's conviction and sentence on direct appeal. Bartee v. State, No.
AP-73,126 (Tex. Crim. App. May 3, 2000)(not designated for publication). Appellant
filed his initial post-conviction application for writ of habeas corpus in the convicting
court on January 3, 2000. This Court denied appellant relief. Ex parte Bartee, No. WR-63,381-01 (Tex. Crim. App. Mar. 8, 2006)(not designated for publication). Appellant's
first subsequent application was filed in the trial court on April 20, 2011, and this Court
dismissed it. Ex parte Bartee, No. WR-63,381-02 (Tex. Crim. App. Sept. 14, 2011)(not
designated for publication). This Court dismissed his second subsequent application on
February 29, 2012. Ex parte Bartee, No. WR-63,381-04 (Tex. Crim. App. Feb. 29,
2012)(not designated for publication). 

 On March 1, 2012, the trial court granted appellant's motion for post-conviction
DNA testing and ordered additional testing. After the testing lab filed its report, the trial
court held a hearing and found that appellant had failed to show that, had the results of
the DNA testing been available during the trial of this offense, it is reasonably probable
that appellant would not have been convicted. Appellant filed an appeal which was
received by this Court on April 30, 2012. 

 Also on April 30, 2012, appellant filed in the trial court another motion for post-conviction DNA testing and a motion to withdraw the currently scheduled execution date
of Wednesday, May 2, 2012. The trial court denied the motion for DNA testing because
appellant failed to state sufficient facts in support of his motion. The court further found
that, even if an unidentified profile could be developed from this evidence, at best it
would create an exculpatory inference. However, such an inference would not be
outweighed by other evidence in the case establishing appellant's guilt. Appellant has
now appealed this ruling. 

 The trial court's findings are supported by the record. Finding no reversible error
in the proceedings below, we affirm the judgment of the trial court and deny appellant's
motion to stay his execution. 

Delivered: May 2, 2012

Do Not Publish